1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   THERESA IRWIN,                          No.  2:14-cv-01332-AC

12                    Plaintiff,

13          v.                               ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                     Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying the application for period of disability and disability insurance

20   benefits ("DIB") under Title II of the Social Security Act of her late husband, Mr. Steven L. Irwin

21   ("claimant" or "Mr. Irwin").  Plaintiff's motion for summary judgment and the Commissioner's

22   motion to remand are pending.  For the reasons discussed below, the court will remand this matter

23   for the determination of benefits.

24                          PROCEDURAL BACKGROUND

25          Mr. Irwin filed his application for DIB on January 29, 2009.  Administrative Record

26   ("AR") 119.  Mr. Irwin's application was denied initially on March 13, 2009, and again upon

27   reconsideration on July 25, 2009.  Id.  On September 13, 2010, a hearing was held before

28   administrative law judge ("ALJ") Carol A. Eckersen.  AR 119, 128.  Mr. Irwin appeared with an

                                            1

1  attorney, Paul M. Ryan, at the hearing, where he and a vocational expert testified. AR 119. In a

2  decision dated November 23, 2010, the ALJ found Mr. Irwin was not disabled at any time prior to

3  his date last insured. AR 128.

4        On December 20, 2010, Mr. Irwin filed a request for review of the ALJ's decision by the

5  Appeals Council. AR 201. Mr. Irwin died on October 27, 2011, while his appeal was pending

6  and his wife, Ms. Theresa Irwin, was substituted for him. AR 18, 201. The Appeals Council

7  remanded Ms. Irwin's (hereinafter "plaintiff") claim for further consideration, directing the ALJ

8  to obtain evidence from a vocational expert to determine whether the claimant had acquired any

9  skills that were transferable to other occupations under the guidelines in Social Security Ruling

10  82-41. AR 18. The Appeals Council further instructed the ALJ to resolve any conflicts between

11  the occupational evidence provided by the vocational expert and information in the Dictionary of

12  Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of

13  Occupations. Id. In an opinion dated May 10, 2013, the ALJ again found Mr. Irwin was not

14  disabled at any time prior to his date last insured. AR 28.

15        The ALJ made the following findings (citations to 20 C.F.R. and Exhibits omitted):

16
17      1.   The claimant last met the insured status requirements of the Social Security Act on September 30, 2007.

18      2.   The claimant did not engage in substantial gainful activity (SGA) during the period from his alleged onset date of November 30, 2004 through his date last insured of September 30, 2007.
19

20      3.  Through the date last insured, the claimant had the following severe impairments: history of a 1995 pelvic fracture, lumbar radiculopathy, hepatitis C, bilateral carpal tunnel syndrome status post 2003 bilateral carpal tunnel releases, depression and alcohol dependence.
21

22
23      4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
24

25      5.   After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except in 20 CFR 404.1567(b) except that the claimant requires the ability to change position every two hours but does not require more than the standard scheduled breaks. He is precluded from climbing ropes, ladders, and scaffolds. The claimant is able to
26
27
28

frequently stoop, crouch, crawl, handle, finger, and feel.

6.   Through the date last insured, the claimant was unable to perform any past relevant work.

7.   The claimant was born on January 16, 1951 and was 56 years old, which is defined as an individual closely approaching advanced age, on the date last insured. The claimant subsequently changed age category to advanced age.

8.   The claimant has at least a high school education and is able to communicate in English.

9.   The claimant has acquired work skills from past relevant work.

10.   Considering the claimant's age, education, work experience, and residual functional capacity, the claimant had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy.

11.   The claimant was not under a disability, as defined in the Social Security Act, at any time from November 30, 2004, the alleged onset date, through September 30, 2007, the date last insured.

AR 18–28.[1]

Plaintiff requested review of the ALJ's decision by the Appeals Council, but it denied review on April 1, 2014, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1–3.  Plaintiff filed her complaint in this matter on May 30, 2014.  ECF No. 1.  The Commissioner filed her answer on September 22, 2015, followed by a notice of lodging the administrative record the next day.  ECF Nos. 8, 9.  Plaintiff filed her motion for summary judgment on December 8, 2014, and the Commissioner filed her cross-motion on February 5, 2015.  ECF Nos. 13, 16.

On June 9, 2015, plaintiff filed a motion seeking to amend her motion for summary judgment.  ECF No. 19.  Specifically, plaintiff sought to include an argument concerning Social

[1]  The ALJ's finding that claimant was a person closely approaching advanced age on the date last insured is legal error.  The regulations categorize claimants that are 55 or older as people "of advanced age."  20 C.F.R. § 404.1563(e).  People "closely approaching advanced age" are defined as being between the ages of 50 and 54.  Id. § 404.1563(d).  Claimant was 56 years old on September 30, 2007, his date last insured.

1  Security Rule ("SSR") 202.00(c)'s application to the ALJ's disability determination based on

2  Lounsburry v. Barnhart, 468 F.3d 1111 (9th Cir. 2006).[2]  Id.  On August 17, 2015, the court

3  ordered the Commissioner to file an opposition limited to the applicability of Lounsburry to the

4  ALJ's disability determination.  ECF No. 20.  On September 2, 2015, the Commissioner filed a

5  motion to remand conceding that the ALJ erred in light of SSR 202.00(c), while arguing that

6  remand for further proceedings is appropriate.  ECF Nos. 21, 22.  On the same day, the court

7  ordered plaintiff to file an opposition or notice of non-opposition to the Commissioner's motion

8  to remand.  ECF No. 23.  The court also ordered the Commissioner to file a notice within five

9  days of whether she intended to withdraw her cross-motion for summary judgment in light of her

10  motion to remand.  Id.  On September 4, 2015, the Commissioner filed a notice of withdrawal of

11  her cross-motion for summary judgment.  ECF No. 24.  Plaintiff filed her opposition to the

12  Commissioner's motion to remand on September 6, 2015.  ECF No. 25.

13  <center>LEGAL STANDARDS</center>

14        The decision whether to remand for further proceedings or for immediate payment of

15  benefits is within the discretion of the court.  Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.

16  2000).  Whether a court will remand for the determination of benefits or further proceedings

17  generally depends on the likely utility of such proceedings.  Barman v. Apfel, 211 F.3d 1172,

18  1179 (9th Cir. 2000).  Remand for an award of benefits is appropriate when the ALJ has failed to

19  provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must

20  be resolved before a determination of disability can be made, and it is clear from the record that

21  the ALJ would be required to find the claimant disabled were the rejected evidence credited as

22  true.  Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396, 1400 (9th Cir. 1988).

23  "Administrative proceedings are generally useful where the record 'has [not] been fully

24  developed,' there is a need to resolve conflicts and ambiguities, or the 'presentation of further

25

26  [2]  "SSRs do not carry the 'force of law,' but they are binding on ALJs nonetheless."  Bray v.
   Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009).  The Ninth Circuit gives them
27  deference so long as they do not produce "a result inconsistent with the statute and regulations."
   Bunnell, 947 F.2d at 346 n.3.
28

<center>4</center>

evidence . . . may well prove enlightening' in light of the passage of time." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations omitted).

DISCUSSION

Because the Commissioner agrees that remand is appropriate based on the application of SSR 202.00(c), the only issue remaining to be decided is whether remand should be for the determination of benefits or for further proceedings.  Accordingly, plaintiff's motion for summary judgment is moot, except to the extent that it includes arguments in favor of remand for the determination of benefits.  The Commissioner argues that further proceedings are necessary because issues remain to be decided, while plaintiff argues that Mr. Irwin's claim should be remanded for the determination of benefits in light of Lounsbury.

In Lounsbury, the Ninth Circuit reversed the decision of a district court and remanded for the determination of benefits based on the ALJ's misapplication of SSR 202.00(c).  The claimant in Lounsbury had the residual functional capacity ("RFC") to perform light work, was of advanced age, and was a high school graduate or more.  468 F.3d at 1116.  Pursuant to the Medical–Vocational Guidelines, 20 C.F.R. Part 404, Subpart 4, Appendix 2 ("the Grids"), a claimant with the aforementioned RFC, age, and education is designated as disabled if she has no transferable skills, and not disabled if she has transferable skills.  Compare Rule 202.06 (disabled), with Rule 202.07 (not disabled).  The ALJ had determined that the claimant had transferrable skills and accordingly found her not disabled.  468 F.3d at 1113.  However, the Ninth Circuit noted that the ALJ's decision overlooked footnote 2 to Rule 202.07.  Id. at 1116.  Footnote 2 requires a claimant to be capable of performing a "significant rage of work" in order to be considered not disabled.[3]  468 F.3d at 1116–17.  The ALJ's decision had found the claimant

---

[3]  Specifically, footnote 2 references Rule 202.00(c), which states the following (emphasis added):

> (c) However, for individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational adaptability

(continued…)

to be not disabled based on the vocational expert's ("VE") testimony that she was capable of performing only *one* occupation.  Id. at 1117.  The claimant argued that this was error and the Ninth Circuit agreed, reversing the district court's decision for the determination of benefits.  Id.

The Commissioner argues that remand is appropriate in this case because further fact-finding is necessary to evaluate the Mr. Irwin's claim.  The court finds; however, that further fact-finding would not serve any purpose in this matter because the Grids mandate Mr. Irwin be found disabled.

Although plaintiff's opposition to the Commissioner's motion to remand is somewhat light on the specifics, she correctly asserts that this matter is strikingly similar to Lounsbury.  In summarizing the claimant's hearing before the ALJ, the Ninth Circuit in Lounsbury noted that the VE initially opined the claimant was capable of four occupations.  468 F.3d at 1113.  However, in response to interrogatories propounded by the ALJ, the VE reduced that number to one.  Id.  Such a whittling down strongly implies that the VE's testimony was conclusive, and that further administrative proceedings would not be useful.  During Mr. Irwin's hearing before the ALJ, the VE engaged in a similar narrowing of the available occupations upon further questioning.  The following exchange between the ALJ and the VE is illustrative:

> Q [ALJ]  All right.  I think backing up to, to where we started with this was, are there transferable skills to light work?
>
> A [VE]  Into light work, Your Honor, if we are taking into consideration the self-employment – and there's also going to be transferable skills such as customer service.  So that'd be one job title, Your Honor, and the second job title, Your Honor, would be against based on self-employment is he's doing some of his own administrative work as far as keeping track of his expenses and making phone calls and, you know, the day to day, the scheduling of, of work, so again job title such as administrative clerk would also appear to be appropriate as well.  The transferable skills of just heating, air conditioning installer, servicer, I mean those are – you know, that has a medium exertional for things like electrical and

---

represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

1    mechanical fabrication, installing and repairs. So those would be transferable, but as his other skills along the lines of administrative and customer service would be transferable, Your Honor, into the light exertional.

Q  Those would transfer readily without any special vocational preparation or additional training?

A  The customer service definitely would, Your Honor.

Q  Can you give me some examples of the type of job or jobs that that would transfer to? Would it be just that one title job of customer service?

A  Yes, let me give you that DOT, Your Honor. That's DOT code number 299.367-010, the exertional is light and SVP: 4, for semiskilled.

Q  How many jobs exist?

A  In the Sacramento surrounding area, 1,660, state of California, 25,380, the national numbers are 172,850.

Q  All right. Is that the only title that there would be skills that transfer to is the one job?

A  Let me give you the administrative clerk, because again that's, you know, a lot of, you know, office, and when I say office it's since you're dealing with the paperwork end of your business. That's DOT code number 219.362-010, the exertional is light and again SVP: 4, for semiskilled. Our Sacramento regional numbers are 27,420, state of California, 318,100, and nationally 2,828,140.

Q  And again he would have transferable skills to go to that without any training or additional education?

A  Yes, if he's taking care of his own business, Your Honor, yes.

Q  Okay. If you assume that his wife was gathering up his expense receipts and, and dealing with his income taxes, if he was getting help with that end of it would those skills exist?

A  You know, Your Honor, if you approach it from that perspective the *remaining* job title would be the customer service, since the claimant would be the person that's dealing with potential customers or customers or, you know, customer complaints.

Q  Okay. So if we're assuming that he was doing minimal paperwork, that he may not have acquired that skill for –

A  Correct.

Q  -- the time that he was self-employed?

A  Correct, Your Honor.

1   AR 107–09 (emphasis added).

2          Clearly, the VE concluded that given the ALJ's hypothetical claimant was only capable of

3   performing a job in customer service.  Because claimant was a person limited to performing light

4   work, of advanced age, with at least a high school education, and transferrable skills his disability

5   determination is controlled by Rule 202.07.  Accordingly, the Grids mandate a finding that Mr.

6   Irwin was disabled because the VE opined and the ALJ found he was only capable of performing

7   only one occupation.  See Lounsburry, 468 F.3d at 1115-17 ("'[W]here application of the grids

8   directs a finding of *disability,* that finding must be accepted by the Secretary . . . whether the

9   impairment is exertional or results from a combination of exertional and non-exertional

10  limitations.'" (citing Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989)).

11         The Commissioner's assertion that remand is necessary in order to allow the ALJ to

12  "evaluate Plaintiff's mental impairments, reassess his RFC, and reassess the vocational impact of

13  those limitations" does not explain why the Grids do not mandate this outcome.  ECF No. 21 at 4.

14  The purpose of remand for further proceedings is not to allow the ALJ the opportunity to

15  "reassess" the entire case.  Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The

16  Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is

17  not credible any more than Moisa, had he lost, should have an opportunity for remand and further

18  proceedings to establish his credibility.")  Rather, remand is appropriate only where further

19  development of the record would serve a purpose.  See Treichler, 775 F.3d at 1101.  In light of

20  Rule 202.07 and Lounsburry's application to this matter, the court finds that remand for further

21  adjudication would serve no such purpose.

22                                          CONCLUSION

23         In accordance with the foregoing, THE COURT HEREBY ORDERS that:

24         1.  The Commissioner's motion to remand, ECF No. 21, is DENIED;

25         2.  Plaintiff's motion for summary judgment, ECF No. 13, is GRANTED; and

26  ////

27  ////

28  ////

    3.  This matter is remanded for the determination of benefits.

DATED:  September 25, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE