UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA IRWIN, AS HEIR AND REPRESENTATIVE OF THE ESTATE OF STEVEN L. IRWIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:14-cv-1332 AC<br><br><br><br>ORDER |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying the application for a period of disability and disability insurance benefits ("DIB") benefits under Title II of the Social Security Act ("the Act"), of her late husband, Mr. Steven L. Irwin. On September 25, 2015, the court granted plaintiff's motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the action to the Commissioner with instructions to award benefits. ECF No. 26.

Now pending before the court is plaintiff's May 12, 2016 motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 30. On June 8, 2016, defendant filed a response asserting that defendant "is not in a position to either assent or object" to the fee request. ECF No. 32. For the reasons set forth below, the motion will be granted.

1

I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, plaintiff and her counsel entered into a contingent-fee agreement. ECF No. 30-1. Pursuant to that agreement plaintiff's counsel now seeks attorney's fees in the amount of $14,539.50, which represents 25% of the $58,158.00 in retroactive disability benefits received by plaintiff on remand ($43,618.50 paid, plus $14,539.50 withheld for attorney's fees), for 37.1 hours of attorney time expended on this matter. ECF Nos. 30 ¶¶ 2-4, 30-2.

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "'to protect claimants against "inordinately large fees" and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees."'" Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d 1215, 1217 (9th Cir. 2012) (quoting Gisbrecht, 535 U.S. at 805).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a reasonable

2

1  fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee
2  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"
3  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793, 808).

4      In determining whether the requested fee is reasonable, the court considers "'the character
5  of the representation and the results achieved by the representative.'" Crawford, 586 F.3d at 1151
6  (quoting Gisbrecht, 535 U.S. at 808). In determining whether a reduction in the fee is warranted,
7  the court considers whether the attorney provided "substandard representation or delayed the
8  case," or obtained "benefits that are not in proportion to the time spent on the case." Id. Finally,
9  the court considers the attorney's record of hours worked and counsel's regular hourly billing
10  charge for non-contingent cases. Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at
11  808); see also, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and
12  labor required"). Below, the court will consider these factors in assessing whether the fee
13  requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

14      Here, plaintiff's counsel is an experienced attorney who secured a successful result for
15  plaintiff. See Declaration of Vijay J. Patel ("Patel Decl.") (ECF No. 30) ¶ 6. There is no
16  indication that a reduction of fees is warranted due to any substandard performance by counsel.
17  There is also no evidence that plaintiff's counsel engaged in any dilatory conduct resulting in
18  excessive delay. The court finds that the $14,539.50 fee, which represents 25% of the $58,158.00
19  in past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded. In
20  making this determination, the court recognizes the contingent fee nature of this case and
21  counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on
22  such terms. See Crawford, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in
23  accepting these cases, including the risk that no benefits would be awarded or that there would be
24  a long court or administrative delay in resolving the cases"). Finally, counsel has submitted a
25  detailed billing statement in support of the requested fee. ECF No. 30-3.

26      Accordingly, for the reasons stated above, the court concludes that the fees sought by
27  counsel pursuant to § 406(b) are reasonable.
28  ////

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. Here, plaintiff's attorney was previously awarded $6,400.00 in EAJA fees. See ECF No. 29. Counsel therefore must remit that amount to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 30), is GRANTED;

2. Counsel for plaintiff is awarded $14,539.50 in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees (see ECF No. 30-2 at 3); and

3. Counsel for plaintiff is directed to remit to plaintiff the amount of $6,400 for EAJA fees previously paid to counsel by the Commissioner.

DATED: August 18, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4